UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
SEP 14 2010

******************************************

| | | |
|---|---|---|
| TIMOTHY DOOP, | * | CIV. 09-4158 |
| Plaintiff, | * | |
| vs. | * | ORDER |
| DOUGLAS WEBER, Warden, South Dakota Department of Corrections, JENNY WAGNER, Native Affairs, TROY PONTO, Secretary of Corrections, C.O. TERRY REISNER, The Seven Unknown Inmates, and THE SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, | * | 1. Defendants' Motion for Protective Order and Stay of Discovery (Doc. 64) |
| | * | 2. Plaintiff's Motion for Additional Interrogatories (Doc. 63) |
| Defendants. | * | |

******************************************

Pending are Plaintiff's Motion for Additional Interrogatories (Doc. 63) and Defendants' Motion for Protective Order and Stay of Discovery (Doc. 64).

## BACKGROUND

Plaintiff, a prisoner at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota filed a *pro se* civil rights law suit pursuant to 42 U.S.C. § 1983 alleging the Defendants were deliberately indifferent to his safety in violation of the Eighth Amendment to the United States Constitution. Doop alleges he was attacked by fellow inmates and that prison officials did not sufficiently protect him from harm. He seeks injunctive relief (to feel safe from future attacks and do his life sentence with as much security and humanity as possible) and monetary damages.

A Scheduling Order was entered on July 9, 2010 requiring discovery to be completed by October 29, 2010, and limiting each party to 25 interrogatories and 25 requests for admissions. *See* Doc. 62. Doop served Interrogatories and Request for Production of Documents upon each Defendant in late July. Most (but not all) of Doop's discovery requests to each Defendant maximized the 25 question limit. Instead of responding or objecting to the discovery requests, Defendants first filed their Motion for Stay, and then their Summary Judgment motion, along with Affidavits from each named Defendant and a Statement of Undisputed Facts. Defendants' Brief in Support of their Motion for a Stay asserts they should not be required to respond to Plaintiff's discovery requests, because, among other reasons, their summary judgment materials "include answers and documents responsive to Doop's discovery requests in substance, but not in form."

## DISCUSSION

Defendants assert a protective order should be filed staying all discovery until such time as a ruling is made on their yet undecided motion for summary judgment regarding qualified immunity. "Prison officials may rely on the defense of qualified immunity to protect them from liability for civil damages." *Hayes v. Long*, 72 F.3d 70, 72 (8th Cir. 1996) (citations omitted). Qualified immunity provides "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "Indeed . . .even such pretrial matters such as discovery are to be avoided if possible, as inquiries of this kind can be particularly disruptive of effective government.." *Id.* Qualified immunity is intended to protect public officials from disruptive, broad-ranging discovery. However, "[i]n some circumstances limited discovery may be required to resolve the qualified immunity question." *Technical Ordinance, Inc. v. United States*, 244 F.3d 641, 647 (8th Cir. 2001) (citations omitted). Also, qualified immunity does *not* shield a public official from suit for *injunctive* relief. *Burnham v. Ianni*, 119 F.3d 668, 673, n.7 (8th Cir. 1997) and cases cited therein.

Plaintiff's Complaint (Doc. 1), requests both money damages and injunctive relief. Even if the Defendants' qualified immunity defense defeats the claim for money damages, therefore, the

claim for injunctive relief must still be determined on the merits. In an effort to avoid complying with Plaintiff's discovery requests, Defendants assert Plaintiff is not entitled to injunctive relief. They also assert their summary judgment materials provide answers to Plaintiff's discovery requests "in substance but not in form." Plaintiff's Complaint was served, and a scheduling order was entered. Just as any other litigant, he is entitled to answers or objections to his discovery requests "in form" in his effort to prove his case. Accordingly, the Motion for Protective Order and Stay of Discovery (Doc. 64) is **DENIED**. Defendants shall submit their answers or objections to Plaintiff's discovery requests within twenty days of entry of this Order.

Plaintiff, however, has provided no sufficient reason why he needs additional information beyond the 25 interrogatories and request for production of documents per Defendant he has already been allowed. Defendant's Motion for Additional Interrogatories (Doc. 63) is likewise **DENIED.**

## CONCLUSION

For the reasons more fully explained above, the Defendants' Motion for Stay and Protective Order (Doc. 63) is **DENIED**. Defendants shall file Responses or Objections to Plaintiff's discovery requests within twenty (20) days of this Order. It is further ORDERED that Plaintiff's Motion for Additional Interrogatories (Doc. 63) is likewise **DENIED**.

Dated this _13_ day of September, 2010.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

3