UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY DOOP, | ) | Civ. 09-4158-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING SUMMARY |
| | ) | JUDGMENT |
| DOUGLAS L. WEBER, Warden; | ) | |
| SOUTH DAKOTA DEPARTMENT | ) | |
| OF CORRECTIONS; | ) | |
| JENNY WAGNER, Native Affairs; | ) | |
| TROY PONTO, Secretary of | ) | |
| Corrections; | ) | |
| C.O. TERRY REISNER; | ) | |
| THE SEVEN UNKNOWN INMATES; | ) | |
| MARY MONTOYA, Chapel | ) | |
| Volunteer, Native Affairs Office; | ) | |
| and CORPORAL BODDICKER; | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Timothy Doop, filed this pro se civil rights suit pursuant to 42 U.S.C. § 1983. Doop is serving a life sentence at the South Dakota State Penitentiary in Sioux Falls, South Dakota. He asserts that defendants failed to protect him from an assault by another inmate and violated his Eighth Amendment rights. Doop seeks $35,000 in damages and asks that "he feel safe and be safe from attacks like what had happened to me" and that he wishes "to do [his] life sentence with as much security and humanity as

possible." Docket 1. Defendants move for summary judgment. Doop opposes their motion for summary judgment.

## FACTUAL BACKGROUND

The undisputed facts taken in the light most favorable to Doop are the following. On October 28, 2008, Doop was housed on the third tier of the East Hall of the South Dakota State Penitentiary. He was assaulted while he was walking from his cell to his place of work. Doop was found bleeding on the floor and suffered numerous facial injuries. He was briefly hospitalized after the assault and continues to suffer pain and anxiety from it, for which he is treated by prison medical staff.

In his initial submissions to the court, Doop asserted that he did not know who assaulted him. After an investigation, defendants determined that inmate Beau Merrival was the assailant. In fact, defendants intercepted a letter from Merrival to a friend in which he admitted to assaulting Doop. Docket 71, ¶ 19. Defendants have maintained throughout the litigation that Merrival was Doop's assailant. In his response to defendants' statement of undisputed material facts, Doop asserts for the first time that it was not Merrival who assaulted him, but four other inmates: Larry Black Bear, Matt Elk Looks Back, Stewart High Hawks, and Lonnie Moran. *See* Docket 83 at 4. While Doop concedes he had never complained of fearing an assault by Merrival, he now asserts that he had notified prison officials that he feared

Black Bear, Elk Looks Back, High Hawks, and Lonnie Moran because he reported their theft of tobacco and snorting of Wellbutrin in the chapel to prison authorities.[1]

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not appropriate if a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

---

[1] Defendants urge the court to reject Doop's response to their statement of undisputed material facts. The Eighth Circuit has routinely held that affidavits that are inherently inconsistent with prior testimony should not be considered. *See Dotson v. Delta Consol. Indus., Inc.,* 251 F.3d 780, 781 (8th Cir. 2001). "A district court may grant summary judgment where a party's sudden and unexplained revision of testimony creates an issue of fact where none existed before." *Wilson v. Westinghouse Elec. Corp.,* 838 F.2d 286, 289 (8th Cir. 1988). But Doop has not plead individual capacity claims and defendants prevail on their official capacity claims under either version of the facts. Accordingly, it is not necessary to decide which version of the facts to accept.

The moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record. *Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d 1076, 1077 (8th Cir. 1980). The nonmoving party may not, however, merely rest upon allegations or denials in its pleadings, but must set forth specific facts by affidavits or otherwise show that a genuine issue exists. *Forrest v. Kraft Foods, Inc.*, 285 F.3d 688, 691 (8th Cir. 2002).

Rule 56 of the Federal Rules of Civil Procedure applies to prisoner litigants, despite the liberal construction afforded to their pro se pleadings. *Quam v. Minnehaha Cnty. Jail*, 821 F.2d 522 (8th Cir. 1987). The district court is not required to "plumb the record in order to find a genuine issue of material fact." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996).

## DISCUSSION

**A.  Doop has not alleged the capacity in which he sues defendants.**

Doop's complaint does not clearly indicate the capacity in which he is suing defendants. See Docket 1, Docket 12. Prison officials may be sued in

4

both their official and individual capacities. Thus, as a threshold matter this court must consider whether the case is proceeding against defendants in their individual or official capacities or both.

Defendants correctly assert that in the Eighth Circuit "absent a clear statement that officials are being sued in their personal capacities," a complaint under § 1983 is interpreted as including only official capacity claims. *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997); *Nix v. Norman*, 879 F.2d 429, 430-31 (8th Cir. 1989). But the plaintiffs in the cases cited by defendants were represented by attorneys; Doop is proceeding pro se. Pro se complaints are held to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). But pro se litigants must still comply with the Federal Rules of Civil Procedure. *Quam*, 821 F.2d at 522.

Rule 9(a)(1) of the Federal Rules of Civil Procedure provides, "*Except when required to show that the court has jurisdiction*, a pleading need not allege a party's capacity to sue or be sued." Fed. R. Civ. P 9(a)(1)(A) (emphasis added). The Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees. *Rose v. State of Nebraska*, 748 F.2d 1258, 1262 (8th Cir. 1984), *cert. denied*, 474 U.S. 1014 (1985) (citing *Edelman v. Jordan*, 415 U.S. 651, 678 (1974)). Thus, Rule 9(a) appears to require Doop to make a capacity allegation in the

5

complaint. *See Nix*, 879 F.2d at 431. Because he has not done so, this court construes his complaint as solely alleging claims against defendants in their official capacities.

**B.    Doop's claim for money damages is barred by the Eleventh Amendment.**

Doop's claim for money damages is barred. A claim against an individual state actor in his official capacity is in reality a complaint against the state. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citing *Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 690 (1978)). An action is barred by the Eleventh Amendment if the state has not consented to suit because its immunity has not been abrogated by Congress. *See Quern v. Jordan*, 440 U.S.332 (1979) (holding the passage of the Civil Rights Act of 1871 did not abrogate immunity under the Eleventh Amendment). Moreover, neither a state nor its officials acting in their official capacities are considered "persons" who may be sued for money damages under § 1983. *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *Accord McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (reversing denial of summary judgment for state official under § 1983 even where sovereign immunity was waived by removal to federal court). Because South Dakota has not consented to suit and its officials acting in their official capacities may not be sued for damages

under § 1983, Doop's damages claim is barred. A state official, however, may be sued in his or her official capacity for injunctive relief under § 1983. *Will*, 491 U.S. at 71 n.10. Thus, this court analyzes Doop's claims for injunctive relief.

**C.    Doop is not entitled to prospective relief.**

As injunctive relief, Doop requests that "he feel safe and be safe from attacks like what had happened to me" and that he wishes "to do [his] life sentence with as much security and humanity as possible." Docket 1. Defendants argue that Doop's request is moot because they have already provided him with safety and security. After the assault, Doop was moved to a different hall and a separation requirement was imposed between Doop and the inmate who assaulted him, Beau Merrival. Docket 71, ¶ 20.

Even if Doop's version of the facts is accepted, however, and it was not Merrival, but the four other inmates who assaulted him, he cannot prevail on his official capacity failure to protect claim so as to entitle him to injunctive relief. A governmental entity is liable under § 1983 "only when the entity itself is a moving force behind the violation. That is, the entity's official policy or custom must have caused the constitutional violation." *Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987). "Because the real party in interest in an official capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the

violation of federal law." *Hafer v. Melo*, 502 U.S. 21, 24 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Doop has neither alleged nor identified a policy or custom of unconstitutional action taken by the South Dakota State Penitentiary that would subject defendants to liability in their official capacities. Accordingly, it does not matter which inmate(s) assaulted Doop. Under either version of the facts, defendants are entitled to summary judgment because Doop has not identified a policy or custom that caused the purported Eighth Amendment violation. Accordingly, it is:

ORDERED that defendants' motion for summary judgment (Docket 69) is granted.

Dated December 2, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE