UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY DOOP, | ) | Civ. 09-4158-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DENYING MOTION |
| DOUGLAS L. WEBER, Warden; | ) | |
| SOUTH DAKOTA DEPARTMENT | ) | |
| OF CORRECTIONS; | ) | |
| JENNY WAGNER, Native Affairs; | ) | |
| TROY PONTO, Secretary of | ) | |
| Corrections; | ) | |
| C.O. TERRY REISER; | ) | |
| THE SEVEN UNKNOWN INMATES; | ) | |
| MARY MONTOYA, Chapel | ) | |
| Volunteer, Native Affairs Office; | ) | |
| and CORPORAL BODDICKER; | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Timothy Doop, filed a civil rights lawsuit under 42 U.S.C. § 1983 against defendants. He alleged that they violated the Eighth Amendment when they failed to protect him from an assault by another inmate. On December 2, 2010, this court granted defendants' motion for summary judgment and entered a judgment in their favor. Doop now brings a motion entitled "plaintiff's request for the correction and addision [sic] and appeal to the courts [sic] dicision [sic] on the summary judgment rule 56." Docket 98. This motion does not exist under the federal rules, but it

appears that Doop is arguing that the entry of summary judgment was incorrect. Defendants oppose Doop's motion.

## STANDARD OF REVIEW

When the moving party fails to specify the rule under which it makes a post-judgment motion, that party leaves the characterization of the motion to the court. *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Federal courts have construed this type of motion as a motion to alter or amend the judgment under Rule 59(e) or as a motion for relief from judgment under Rule 60(b). *Spinar v. S.D. Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986). Doop appears to be arguing that the entry of summary judgment in defendants' favor was incorrect. "[A]ny motion that draws into question the correctness of the judgment is functionally a motion under Fed. R. Civ. P. 59(e), whatever its label." *Quartana v. Utterback*, 789 F.2d 1297, 1300 (8th Cir. 1986) (internal citations omitted). Therefore, Doop's motion will be treated as a motion to alter or amend the judgment under Rule 59(e). Defendants concede that Doop's motion is timely.

Rule 59(e) of the Federal Rules of Civil Procedure was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following the entry of judgment. *Norman v. Ark. Dep't of Education*, 79 F.3d 748, 750 (8th Cir. 1996). Rule 59(e) provides a deadline for motions to "alter or amend," but does not specify the standards for

alteration or amendment. *See* Fed. R. Civ. P. 59(e). In the Eighth Circuit, a court must find a "manifest error" of law or fact in its ruling to alter or amend its judgment under Rule 59(e). *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). But Rule 59(e) motions may not be used to introduce evidence, tender new legal theories, or raise arguments that could have been offered or raised prior to the entry of judgment. *Id. See also Baker v. John Morrell & Co.*, 266 F. Supp. 2d 909, 919 (N.D. Iowa 2003). A party may also move to alter or amend judgment to present newly discovered evidence. *Hagerman*, 839 F.2d at 414. To prevail in a Rule 59(e) motion to present newly discovered evidence, "the movant must show that: (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

## DISCUSSION

Doop has not presented any new evidence. Rather, Doop argues the entry of summary judgment in defendants' favor was incorrect for several reasons. Defendants assert that Doop has done nothing more than present new legal arguments that he could have raised before judgment. Each of Doop's contentions is addressed in turn.

**I.      The Court Did Not Err in Finding Doop Failed to Allege a Policy or Custom of Unconstitutional Action.**

Doop's first argument is that "the District Court should not have dismissed for policy or custom he must show his emotional suffering resulted from the cruel and unusual deliberate indifference." Docket 98 at 1. Doop appears to be referring to the court's finding that Doop had not alleged a policy or custom of unconstitutional action that would subject defendants to liability in their official capacities. In his current motion, Doop alleges that defendants violated the South Dakota State Penitentiary's policy of placing inmates in protective custody. Docket 98 at 3. "It is the policy of the DOC, if an inmate tells the staff members that he fears that he is about to be assaulted. That those staff members have to place the inmate in to some kind of protective security for his protection. This was never done." *Id.* But Doop does not allege that the protective policy ***caused*** the constitutional violation. Rather, he argues that an alleged ***violation of the policy caused*** the constitutional violation. This is insufficient. To support an official capacity claim, a plaintiff must allege that a policy or custom caused the constitutional violation. *Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987). (A governmental entity is liable under section 1983 "only when the entity itself is a moving force behind the violation. That is, the entity's official policy or custom must have caused the constitutional violation." ). Thus, Doop has failed to demonstrate a manifest error of fact or law.

4

## II. Doop Now Asserts the Medical Treatment He Received after the Assault Violated the Eighth Amendment.

Doop next appears to be asserting an Eighth Amendment claim for deliberate indifference to his medical needs. *See* Docket 98 at 1-2. Doop raises this argument for the first time in his Rule 59(e) motion. But a review of Doop's complaint demonstrates that he could have asserted this claim throughout this lawsuit. Doop's complaint mentions his medical treatment, but makes no claim. He states:

> The nures [sic] seen [sic] how bad I was badly hurt, so the [sic] sent me to the Emergency Room Department, at the Avara [sic] McKinna [sic] Hospital, here in Sioux Falls S.D. The ambulance fily [sic] showed up, it took so long, or it felt that way to me. . . They did such a good job on me, I felt well treated, they even wanted to keep me longer, when the prison officials said NO send him back to the prison.

*See* Docket 1 at 8. In Doop's motions to amend, he sought to add medical records to his complaint as "medical proff [sic] of the damagies [sic] I sustained from that assault on my person," not as a basis for an independent claim. *See* Docket 20. Finally, Doop has already conceded that he could have filed a medical indifference claim in this case. *See* Docket 83, Plaintiff's Response to the Defendants' Statement of Undisputed Material Facts, at 6 ("I went through hell, with the pain . . . I know that I could have filed this claim also, but I filt [sic] that I had enuff [sic] here to file."). Doop could have raised this legal argument in his initial complaint or one of his four motions to amend. Thus, this claim could have been asserted earlier

5

and does not merit granting Doop's motion under Rule 59(e). *See Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1057 (8th Cir. 2002) ("Arguments and evidence which could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion.").

### III. The Court Did Not Err in Finding Doop Failed to Allege the Capacity in Which He Sued Defendants.

Doop next argues that the court erred in concluding he had not sufficiently alleged the capacity in which he sued defendants. Docket 98 at 2. "The defendants are defendants under the claim of individual, and their official capacities in this case here. Thats [sic] why there is a money amount atached [sic] to this case also." *Id.* In the Eighth Circuit, a plaintiff seeking to sue a state official in his or her individual capacity under § 1983 must include a "clear statement" that the official is being sued in his or her personal capacity. *Murphy v. State of Ark.*, 127 F.3d 750, 754-55 (8th Cir. 1997). Absent such a statement, a § 1983 complaint is interpreted as including only official capacity claims. *Id.* Merely seeking damages is insufficient. *See, e.g., Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989) (noting that mentioning "joint and several liability" in a prayer for relief is insufficient to notify an official that he is sued in his personal capacity).

Doop next argues that it was clear he was suing officials in both capacities because the "definition of persons [under section 1983] includes more than just individuals." Docket 98 at 4. Eighth Circuit case law

6

requires Doop to allege the capacity in which he is suing defendants. *See Rollins by Agosta v. Farmer*, 731 F.2d 533, 536 n.3 (8th Cir. 1984) (stating that § 1983 litigants wishing to sue government officials in both capacities should use the following language: "Plaintiff sues each and all defendants both in their individual and official capacities."). Thus, Doop has failed to show "manifest error."

## CONCLUSION

Because Doop has failed to show manifest legal or factual error and has not presented newly discovered evidence, it is

ORDERED that Doop's motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure (Docket 98) is denied.

Dated February 9, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE